# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TAWANA THOMPSON,                :
                                :
        Plaintiff,              :
                                :
   v.                          : Civil Action No. 03-0438 (JR)
                                :
SYSTEMS INTEGRATED GROUP, INC., :
                                :
        Defendant.              :

**MEMORANDUM**

      Counts I and III of plaintiff's complaint were dismissed by order dated May 29, 2007 [#17]. In the same order, plaintiff was notified that the Court intended to treat defendant's motion to dismiss Count II as a motion for summary judgment, because material outside the pleadings had been submitted and considered by the Court, and plaintiff was given time to supplement her submission. She did so, on June 18, 2007, and her supplemental submission has been duly considered.

      In the May 29 order, I noted that the record, such as it was then, established only that plaintiff had been granted the 12 weeks of leave allowed by her employer's personnel manual and guaranteed by the Family and Medical Leave Act, that the 12 weeks expired on February 8, 2001, and that she was terminated effective February 20, 2001, when she had not returned to work by then.

In her supplemental submission, plaintiff has added a number of new factual assertions to the record (by means of her own affidavit). She asserts that, at some time in the middle of January 2001, she observed someone named Jerome cleaning out "her" desk and packing its contents in boxes; that in early February she heard from another employee that her employer "had contracted with a temp agency to fill my job duties," and that, when she was told on February 20, 2001, that she no longer had a job, her superior "did not respond" when plaintiff said she had suspected as much when she saw Jerome cleaning out her desk.

The theory of plaintiff's Count II (breach of contract) appears to be that Jerome's act of cleaning out plaintiff's desk, plus her employer's use of a temp agency, plus her superior's silence (which plaintiff erroneously calls an "adoptive admission") amounted to a constructive discharge, <u>before</u> the February 8 expiration of her medical leave. That would be too much of a stretch for a reasonable juror to make. Plaintiff's entitlement was to a job, not to a particular desk. The use of a temp agency -- note: a <u>temp</u> agency -- to do plaintiff's work while she was on leave would be eminently sensible. If a temp worker used the desk plaintiff had been using, Jerome should indeed have made room for that worker.

Plaintiff has failed to identify a genuine issue of fact that is material to her allegation that she was

constructively discharged prior to the February 8 expiration of her medical leave.  Defendant is entitled to judgment on plaintiff's breach of contract claim.  An appropriate order accompanies this memorandum.

                                                         JAMES ROBERTSON
                                      United States District Judge